UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GAYLAND BRION COLES,

      Plaintiff,

v.

Case No. 2:18-CV-13754
District Judge Linda V. Parker
Magistrate Judge Anthony P. Patti

SCION STEEL INC., MICKEY
TSCHIRHART, TOM McCALL,
GARY SMITH, and KEN KILEY,

      Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL THE EEOC TO RELEASE INVESTIGATION FILE 471-2018-01743 (DE 9)

**A.    Introduction**

Plaintiff, Gayland Brion Coles, who is proceeding without the assistance of counsel, filed his Complaint and application to proceed without prepayment of fees on December 4, 2018, asserting claims under Title VII and 42 U.S.C. § 1981. (DEs 1, 2.) On December 6, 2018, the Court granted Plaintiff's application and issued a notice to Plaintiff regarding service of process. (DEs 5, 6.) All defendants have been served and have answered the complaint. (DE 16.)

On January 3, 2019, Plaintiff filed the instant motion to compel the EEOC to release investigation file 471-2018-01743. (DE 9.) This motion has been referred

to me for a hearing and determination. (DE 15.) The Court finds it unnecessary to hold oral argument on this motion, and accordingly reaches its decision on the papers alone.

**B.     Discussion**

    **1.  Plaintiff's motion to compel (DE 9)**

Plaintiff moves to compel the Equal Employment Opportunity Commission (EEOC), a non-party, "to release any, all, and every document concerning and pertaining to the investigation of claimant's charge 471-2018-01[7]43." (DE 9 ¶ 1.) Plaintiff asserts that he submitted a request to the EEOC for those documents under the Freedom of Information Act (FOIA), that he received a "PDF letter indicating that 471-2018-01743 investigation file would be ready on October 23, 2018," but that he has not received the file. (*Id.* ¶¶ 11-13; *id.* at 6-7.) It does not appear that non-party EEOC has been served with the motion, and thus it has not filed a response. Defendants similarly have not filed a response to this motion, presumably because it is not directed to them.

    **2.  The Freedom of Information Act**

The FOIA requires federal agencies to provide government records to requesting members of the public under specified procedures outlined in the statute. 5 U.S.C. § 552(a)(1)(A)-(D); *see also Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011). An agency responding to a FOIA request "must make a good

faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information." *CareToLive v. Food & Drug Admin.*, 631 F.3d 336, 340 (6th Cir. 2011). The Act permits a person who has made a FOIA request to file an appeal of an adverse determination, but requires that individual to "exhaust all administrative remedies *before* filing a judicial action." *Fields v. Internal Revenue Serv.*, No. 12-14753, 2013 WL 3353921, at *3 (E.D. Mich. July 3, 2013) (emphasis added). The exhaustion requirement is satisfied when either: (1) the individual submits a FOIA request and appeals administratively any adverse determinations, or (2) the agency fails to respond to a FOIA request within the time limits articulated in the Act. *Id.* at *4. The burden to demonstrate proper exhaustion rests with Plaintiff, who "must present proof of exhaustion of administrative remedies in order to obtain judicial review." *Id.* at *3.

If the agency upholds the denial of the request and all administrative remedies are exhausted, the requester is then entitled to sue the agency in federal court to challenge the validity of the agency's decision to withhold the requested information. 5 U.S.C. § 552(a)(6)(A)(ii); *see also id.* § 552(a)(4)(B) ("On complaint, the district court of the United States … has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld."); *Upsher-Smith Lab., Inc. v. Fifth Third Bank*, No. 16-cv-556, 2017 WL 7369881, at *3 (D. Minn. Oct. 18, 2017) ("By its plain terms,

the statute envisions that federal courts will hear challenges to FOIA decisions *in distinct lawsuits* brought under FOIA because the statute explicitly directs a requester to challenge an adverse FOIA determination 'on complaint," *i.e.* by filing a complaint to initiate a lawsuit in federal court.") (emphasis added, citing *Lincoln Nat'l Bank v. Lampe*, 421 F. Supp. 346, 348 (N.D. Ill. 1976)).

### 3. Plaintiff's motion to compel non-party EEOC to produce documents subject to a FOIA request must be denied

The EEOC is not a party to this litigation. Rather, Plaintiff asserts that he submitted a FOIA request to the EEOC for his investigation file, and that he did not receive the file, and thus he seeks to compel the EEOC to produce those records in this lawsuit. (DE 9, ¶¶ 11-14; *id.* at 6-7.) First, it is not clear from Plaintiff's motion whether his request was denied by the EEOC, or whether the EEOC failed to respond to the request within the time limits set forth in the Act, and thus it is not clear that he has exhausted his administrative remedies. (*See id.*)

In any event, it is well established that a motion to compel is not the proper vehicle to challenge a non-party agency's decision to withhold information sought under the FOIA. *See Upsher-Smith Lab.*, 2017 WL 7369881, at *3-4 (collecting cases unanimously rejecting attempts to ask a federal court to review an adverse FOIA determination on a motion to compel). Rather, those courts explain that "the FOIA obligates a requester to challenge an adverse determination, after exhausting the intra-agency appeals process, by filing a *separate complaint* against the

4

withholding federal agency *in a distinct lawsuit*." *Id.* at *3 (emphasis added, citation omitted). As the court explained in *Upsher-Smith Lab.*:

> In light of the text of the FOIA statue, and the seeming consensus among district courts that have considered this very issue, this Court finds that it lacks jurisdiction to entertain a motion to compel in which the litigant essentially asks the Court to overturn an adverse FOIA decision made by a federal agency. FOIA is a statute which, in the interest of transparency and good government, gives citizens the general right to obtain information from their federal government. The statute also gives citizens the procedural right to challenge the government's decision to withhold information sought under FOIA specifically by appealing to the agency and, if that fails, by filing a complaint in federal court to challenge the agency's adverse FOIA determination. *The statues does not authorize additional methods to challenge an agency's adverse FOIA determination*.

*Id.* at *4 (emphasis added); *see also United States v. Barnes*, No. 3:13-cv-443-TAV, 2016 WL 5108227, at *1-2 (E.D. Tenn. Aug. 22, 2016) (finding the Court did not have jurisdiction to entertain a motion to compel compliance with a FOIA request because "any appeal by Defendant of a denial of a request for information by the Knox County Jail [a non-party] must be in compliance with the [Tennessee Public Records Act, which governs requests for information from state, county and municipal agencies not subject to federal FOIA provisions]"). Therefore, as in *Upsher-Smith Lab.* and *Barnes*, this Court does not have jurisdiction to "entertain [Plaintiff's] motion to compel in which [he] essentially asks the Court to overturn an adverse FOIA decision made by [the EEOC]." *Upsher-Smith Lab.*, 2017 WL 7369881, at *4; *Barnes*, 2016 WL 5108227, at *1-2. Rather, once Plaintiff has

5

exhausted his administrative remedies with regard to his request for records under FOIA, he may file a separate compliant against the EEOC in federal court to challenge the validity of its decision to withhold the requested information, or its failure to otherwise comply with the statute. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

**C.  Order**

For the reasons set forth above, Plaintiff's motion to compel the EEOC to release investigation file 471-2018-01743 (DE 9) is **DENIED.**

**IT IS SO ORDERED.**

Dated: February 22, 2019    s/*Anthony P. Patti*
                            Anthony P. Patti
                            UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on February 22, 2019, electronically and/or by U.S. Mail.

                            s/Michael Williams
                            Case Manager for the
                            Honorable Anthony P. Patti